### Glenn C. SPRADLIN et al., Appellants,

### v.

### Jonas L. MILLER et al., Appellees.

Court of Appeals of Kentucky.

Feb. 18, 1972.

G. C. Perry, III, Paintsville, Joe Hobson, Prestonsburg, for appellants.

W. W. Burchett, Prestonsburg, for appellees.

MILLIKEN, Judge.

Appellees, Jonas L. Miller, William E. Miller and Lloyd Miller, were engaged in the business of drilling for oil and gas under the firm name of Jonas L. Miller & Sons. Jonas L. Miller, John Allen (who is not a party to this action) Glenn C. Spradlin, and Lawrence Keathley (now deceased) obtained an oil and gas lease in Clay County, Kentucky, which was taken in the name of Glenn C. Spradlin. The

leaseholders entered into a contract with the Millers, with the understanding that they would drill and develop a well on the leased property. Jonas L. Miller was to be responsible for one-half of the cost of drilling a well and developing the lease, and Keathley and Spradlin were to pay the other half.

The Millers began drilling the well and the undertaking went smoothly until it was determined that the hoped-for lucrative drilling for oil was a nonprofit venture. After much bickering and accusation between the parties to the contract, the Millers instituted court action against Spradlin and Keathley, claiming that Spradlin and Keathley were indebted to them in the amount of $7,048.98 for the balance due on the cost of drilling the well; they also claimed that Spradlin and Keathley owed them an additional $500 for moving a drilling-rig to another lease. Spradlin and Keathley counterclaimed, and the entire controversy was referred by the trial court to a special commissioner.

After extensive hearings the special commissioner filed his report, recommending that appellees, the Millers, be awarded the sum of $7,184.64 from Spradlin and Keathley. The trial court approved the findings of the special commissioner and entered judgment accordingly. Spradlin and Keathley appeal (on Keathley's subsequent death, Betty Keathley Hall was substituted as an appellant).

In determining the award, the special master commissioner failed to make any finding as to the fair and reasonable cost of drilling and completing the well. The parties have been in disagreement as to whether the amount of a deposit for the cost of electricity should be included in the cost of the well. Although the special commissioner did decide that the amount deposited for electricity should not be included, no specific finding was made in regard to other disputed items.

■ We consider it necessary to remand the case for a finding as to the fair and reasonable cost of drilling and completing the well and developing the Hammons lease. The trial court should make findings as to the contributions made by each of the parties to the project. If one of the parties has contributed more than half of the fair and reasonable cost of drilling and completing the well, then he should be entitled to recover the amount of the excess from the other partner or partners. Should it be determined that the appellees have not been paid the reasonable, fair and proper costs for drilling and developing the Hammons lease and well, then in that event the appellees should be granted judgment against the partnership of Jonas L. Miller, Spradlin and Keathley, one-half to be paid by Jonas L. Miller and the other half by Spradlin and Keathley.

The special commissioner found that Spradlin and Keathley owed the Millers $500 for moving a drilling-rig to another lease and he denied certain counterclaims made by Spradlin and Keathley. As to the counterclaims and other claims asserted, the trial court should only determine such claims as arose out of or in connection with the well and the development of the Hammons lease.

The judgment is reversed and remanded for further proceedings consistent with this opinion.

All concur.